Albert J. LILYGREN, J. G. Ortengren, and Cellular Concrete Products of Colorado, Inc., Appellants,

v.

UNITED STATES of America, Appellee.

No. 8661.

United States Court of Appeals Tenth Circuit.

Dec. 28, 1966.

Rehearing Denied Jan. 27, 1967.

William J. Madden, Denver, Colo., for appellants.

David I. Shedroff, Asst. U. S. Atty., Denver, Colo. (Lawrence M. Henry, U. S. Atty., Denver, Colo., on brief), for appellee.

Before MURRAH, Chief Judge, and SETH and HICKEY, Circuit Judges.

HICKEY, Circuit Judge.

After default in payments, under a vendor-vendee contract, the United States filed an action against appellants which sought recovery of possession of land and equipment, declaration of default and damage for withholding possession.

Ultimately, an answer was filed, interrogatories answered and a hearing on the merits concluded. The trial court, without a jury, found, on undisputed evidence, that the Small Business Administration had sold certain real and personal property under a contract of sale and purchase to Lilygren and Ortengren in June, 1962. The contract provided for specified down payments, the execution of a deed to the real property, a bill of sale for the personal property, a deed of trust back to the real property, a chattel mortgage on the personal property and contained a forfeiture clause in case of default. No deed, bill of sale, mortgage or deed of trust was executed, and neither party made demand for them.

After paying the specified down payment, plus stipulated interest payments, Lilygren and Ortengren defaulted. While in default they assigned the rights under the agreement to a corporation which they had organized for the purpose of taking title to and possession of the property.

██ The evidence in the record supports the court's finding that the rights under the agreement, if any existed, were assigned to the corporation without the knowledge or consent of the S.B.A.

Upon these facts the court awarded S.B.A. possession of the real and personal property and assessed damages against Lilygren, Ortengren and the corporation for wrongfully withholding the real property after default and demand.

Appellants individually object to the damages awarded against them.

The government elected to proceed under the applicable Colorado Statutes. It is true that the Small Business Administration operates throughout the United States, but such fact raises no presumption of the desirability of a uniform federal rule with respect to proceedings to protect the financial interests of the government in one of its money lending transactions. To deny the Small Business Administration the use of the well established procedure in the State of Colorado would not be warranted except under the most compelling reasons of federal policy.

Section 58–1–4, 3 Colorado Revised Statutes 1963, provides in part:

"Any person shall be deemed and held guilty of an unlawful detention of real property in the following cases:

‘ * * * (9) When a vendee, having obtained possession under an agreement to purchase lands, or tenements, and having failed to comply with his agreement, withholds possession thereof from his vendor, or assigns, after demand therefor being duly made."

Section 58–1–15, 3 Colorado Revised Statutes 1963, provides in part:

"In addition to such judgment for restitution, the court or jury shall further find * * * the amount of damages, if any, sustained by the plaintiff to the time of the trial on account of the unlawful detention of the property by the defendant * *.''

The right to proceed to recover possession in a vendor-vendee action as directed by the statutes as well as the right of a defendant to set up an equitable defense is recognized in White v. Widger, 144 Colo. 566, 358 P.2d 592 (1960).

The record on appeal reflects efforts by the trial court to suggest an equitable defense. Defendants, however, recognizing their default, concluded such a defense was not available.

It is uncontroverted that a default occurred on May 20, 1963. Under the terms of the agreement, if purchasers remained in default for sixty days, seller had the right to consider the agreement and all instruments given to implement it in default and the right to retain all money which had been received under the contract.[1]

The specious rights assigned by appellants Lilygren and Ortengren to the appellant corporation on August 10, 1963, had expired by the terms of the instrument and only the duties to deliver possession and forfeit the monies remained. This was a hollow assignment.

"The assignment by a purchaser under an executory contract for the sale of land carries with it rights no greater than those that were possessed by the assignor." III American Law of Property § 11.38 (1952).

The court found upon substantial evidence that notice of the assignment had not been given appellee. Thus, the only privity of contract that could have existed at the time the action was commenced was between appellee and appellants Lilygren and Ortengren.

Without a novation, which could have been accomplished if the Small Business Administration had been given an opportunity to accept the assignment, appellants Lilygren and Ortengren could not relieve themselves of liability under their contract by creating a vehicle whose purpose was acceptance of possession of the property. It would not be proper, in the face of the trial court's finding that appellants directed and controlled the corporation, to allow them to shed their responsibility.

Affirmed.

---

1. The agreement read: "It is understood and agreed between the parties hereto that should Purchasers default in payment of any interest or principal and interest payments when due and remain in default for a period of Sixty (60) days therefrom, this Seller shall have the right to declare this contract and any instruments given to implement same in default and shall have the right to retain any and all monies received to date."